UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. PRADO,<br>Booking #16113441,<br><br>                    Plaintiff,<br><br>  vs.<br><br>STAFF at GBDF, et al.,<br>                    Defendants. | Case No.: 3:16-cv-2269-AJB-MDD<br><br>**ORDER DISMISSING CIVIL ACTION:**<br><br>**1) FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND/OR TO FILE A MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**AND**<br><br>**2) FOR FAILURE TO FILE A COMPLAINT THAT ALLEGES FEDERAL SUBJECT MATTER JURISDICTION PURSUANT TO Fed. R. Civ. P. 3, Fed. R. Civ. P. 8 (a)(1)-(3) AND Fed. R. Civ. P. 12 (h)(3)** |

Joseph A. Prado ("Plaintiff"), currently incarcerated at the George Bailey Detention Facility ("GBDF") in San Diego, California, and proceeding pro se, has filed a

pleading, which while not altogether clear, appears to challenge unspecified acts of "misconduct" committed by the staff at GBDF, Sergeant Cardoza, and Judge Williams. (ECF No. 1 at 1.) Plaintiff claims he faces "retaliation" related to an internal affairs investigation, and he seeks to "press charges." (*Id*. at 1, 4.) The remainder of his original pleading, as well as multiple supplemental documents he has filed over the course of the past two months, are comprised of copies of letters requesting access to his criminal and medical records, (ECF No. 3 at 1-2; ECF No. 7 at 4-6), copies of internal San Diego Sheriff's Department incident reports and grievances (ECF No. 5 at 3-11; ECF No. 11 at 2-5), a list of "forensics" that appear related to criminal proceedings (ECF No. 9 at 3), and a letter addressed to U.S. Attorney Laura Duffy seeking to hold U.S. District Judges Cathy Ann Bencivengo and Marilyn L. Huff "in contempt." (ECF No. 7 at 1.)[1]

For lack of a better option, and because Plaintiff is proceeding without counsel, the Court has liberally construed his pleading as an attempt to commence a civil action, and has assigned it Civil Case No. 3:16-cv-02269-AJB-MDD. *See Karim-Panahi v. Los Angeles Police Dept*., 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona, the Court must construe his pleadings liberally and afford plaintiff any benefit of the doubt).

---

[1] Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 24, 2016, and that case was assigned to Judge Bencivengo. *See Prado v. Williams, et al.,* S.D. Cal. Civil Case No. 3:16-cv-02203-CAB-BGS. Judge Bencivengo dismissed his petition with leave to amend. *Id.* (ECF No. 2). Plaintiff has until January 9, 2017, to file a First Amended Petition in that case. *Id.* (ECF No. 11). Plaintiff also filed an earlier civil rights complaint pursuant to 42 U.S.C. § 1983 on June 9, 2016, and that case was originally assigned to Judge Huff; but it was dismissed with leave to amend on August 11, 2016, and later re-assigned to Judge Curiel. *See Prado v. Gore, et al.,* S.D. Cal. Civil Case No. 3:16-cv-01436-GPC-WVG (ECF Nos. 1, 21, 48). As far as this Court can tell, however, *Prado v. Gore, et al*., S.D. Cal. Civil Case No. 3:16-cv-01436-GPC-WVG, does *not* appear related to this case insofar as it involves a host of different Defendants and involves double jeopardy claims related to Plaintiff's criminal proceedings, which were still ongoing at the time he filed it. *See id.* (ECF No. 21 at 4-6.)

## I. Failure to Pay Filing Fee or Request IFP Status

However, all parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, and has not filed a Motion to Proceed IFP as required by 28 U.S.C. § 1915(a). Therefore, no civil action can yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Initial Review of Plaintiff's Pleading

"The first step in a civil action in a United States district court is the filing of [a] complaint with the clerk or the judge." 4 Wright, Miller, Kane, Marcus & Steinman, FED. PRAC. & PROC. CIV. § 1052 (3d ed. 2002 & Supp. 2014); FED. R. CIV. P. 3 ("A civil action is commenced by filing a *complaint* with the court.") (emphasis added). Pursuant to FED. R. CIV. P. 8(a), a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction,". . . (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8(a)(1)-(3).

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction "must neither be disregarded nor evaded." *Moore v. Maricopa Cnty Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S.

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

365, 374 (1978)). The Court must determine sua sponte whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). *See also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, while it appears from Plaintiff's initial pleading (ECF No. 1) that he may *wish* to file a civil action challenging the conditions under which he is currently being held, his initial pleading does not currently allege subject matter jurisdiction pursuant to 42 U.S.C. § 1983 or 28 U.S.C. § 1343(a)(3). *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged."). Thus, because Plaintiff's pleadings fail to allege federal jurisdiction or "state[] a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, U.S. 662, 678 (2009) (citation omitted), his action must be dismissed. *See Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011) (noting court's obligation under the Prison Litigation Reform Act to "review, before docketing or as soon thereafter as practicable, any civil action brought by a prisoner seeking redress from a governmental entity, officer or employee," and its requirement to dismiss complaints or any portion thereof that are "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seek[ing] monetary relief from a defendant who is immune" pursuant to 28 U.S.C. § 1915A(a), (b)).

Because Plaintiff is proceeding without counsel, however, and his submissions indicate a desire to initiate a civil action pursuant to 42 U.S.C. § 1983, the Court will sua sponte grant him an opportunity to amend. As noted above, however, Plaintiff's Amended Complaint must comply with Federal Rule of Civil Procedure 8. "Each allegation [in a pleading] must be simple, concise, and direct.  No technical form is required." FED. R. CIV. P. 8(d)(1); *Iqbal*, 556 U.S. at 677-78.

In addition, Plaintiff is cautioned that if he files an Amended Complaint, it will be subject to an initial sua sponte screening and that it will be dismissed pursuant to 28 U.S.C. § 1915A(b) (because he is a prisoner) or 28 U.S.C. § 1915(e)(2) (if he files a

motion to proceed IFP) for failing to state a claim unless it contains factual matter sufficient to plausibly show that: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011). "Because vicarious liability is inapplicable to . . . § 1983 suits," he must also plead that each Government-official defendant he wishes to sue, "through the official's own *individual* actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "Under this rule, a claim must contain 'more than labels and conclusions' or a 'formulaic recitation of the elements of the cause of action.'" *Sheppard v. Evans & Assoc.,* 694 F.3d 1045, 1048 (9th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III.   Conclusion and Order

For the reasons explained above, the Court:

(1)   **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $400 filing fee required by 28 U.S.C. § 1914(a), failure to file a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), and his failure to file a Complaint which alleges federal subject matter jurisdiction pursuant to FED. R. CIV. P. 3, 8(a)(1)-(3), and 12(h)(3);

(2)   **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open the case by: (a) prepaying the entire $400 civil filing fee in full; *or* (b) completing and filing a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint, *see* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b); *and* (c) filing an Amended Complaint that conforms with Rule 8; and

(3)   **DIRECTS** the Clerk of Court to provide Plaintiff with this Court's: 1) form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*" and its 2)

form "Complaint under the Civil Rights Act pursuant to 42 U.S.C. § 1983" for Plaintiff's use and convenience. If Plaintiff chooses to proceed with a civil rights action pursuant to 42 U.S.C. § 1983, he must title his new pleading as his "First Amended Complaint," include Civil Case No. 16-cv-2269-AJB-MDD in its caption, and otherwise comply with FED. R. CIV. P. 10(a), by *naming* each individual party he wishes to sue.

If Plaintiff fails to comply with these directions within the time provided, this civil action will remain dismissed without prejudice for the reasons set forth in this Order and without any further action by the Court.

**IT IS SO ORDERED**.

Dated:  December 8, 2016

Hon. Anthony J. Battaglia
United States District Judge